IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01293-MEH

Jacob Root,

    Plaintiff,

v.

Robert Comstock in his individual capacity; and
City of Colorado Springs, Colorado,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference in this case is set for August 6, 2024, at 10:15 am in Courtroom A-501. The parties will be represented in this case as follows:

**For Plaintiff:**

Harry M. Daniels , Jr
Law Offices of Harry M. Daniels, LLC
4751 Best Road
Suite 490
Atlanta, GA 30337
678-664-8529
Email: daniels@harrymdaniels.com

Tyler A. Jolly
Jolly Law PLLC
9996 West US Highway 50
Suite 1090
Salida, CO 81201
719-429-7359
Email: tyler@jollylawcolorado.com

**For Defendant:**

Brian Stewart
Colorado Springs City Attorney's Office
30 South Nevada Avenue
Suite 501
Colorado Springs, CO 80903
719-385-5909
Email: Brian.Stewart@coloradosprings.gov

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331. Jurisdiction supporting Plaintiff's claims for attorney fees and costs is conferred by 42 U.S.C. §1988. Jurisdiction for Plaintiff's supplemental state law claims, brought under Colorado state law, including the Colorado Enhance Law Enforcement Integrity Act, C.R.S § 13-21-131 et. seq. is conferred by 28 U.S.C § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff's Claims**

1. 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment;

2. Colo. Rev. Stat. § 13-21-131  Colorado Constitution Article II, Section 7 – Excessive Force/Unlawful Use of Force;

3. 42 U.S.C. § 1983 – Customs, Policies, Practices, and Ratification Against Defendant City of Colorado Springs

**Defendants' Defenses**

Plaintiff has failed to state a claim upon which relief can be granted. This is because on May 16, 2022, Plaintiff did not suffer a violation of any right guaranteed by the United States Constitution or the Colorado Constitution. Indeed, it was entirely reasonable for Officer Comstock to deploy his taser to stop Plaintiff, a fleeing felony suspect, who had already rammed a marked police cruiser with a stolen car to evade police, who was fleeing directly toward a six-laned road, and who had ignored multiple warnings and orders to stop running. At all pertinent times, Officer Comstock acted in good faith and violated no clearly established constitutional right. He is therefore entitled to qualified immunity against any 42 U.S.C. § 1983 claim. Officer Comstock's conduct was not malicious, outrageous, or extreme. Neither was his conduct motivated by an evil motive or intent. Neither was he recklessly or callously indifferent to Plaintiff's rights. Officer Comstock's conduct was, at all pertinent times, objectively reasonable.

Like Officer Comstock, the City of Colorado Springs ("City") did not violate Plaintiff's constitutional rights. The City does not maintain a policy or custom that

condones a violation of any person's constitutional rights. Furthermore, no City policy, custom, or practice caused Plaintiff's alleged injuries. This is in part because the City properly trains its officers on the constitutional limits on the use of force, including tasers. As such, the City was not deliberately indifferent to a known or obvious deficiency in its training program. Plaintiff's claim against the City should be dismissed.

Plaintiff may have failed to mitigate his damages, and some of his alleged injuries and damages, if any, may have existed before, or been sustained after the incident complained of. Finally, Because Plaintiff's alleged damages were sustained during the commission of or the immediate flight from felony crimes, his state law claim must be dismissed and Defendants awarded their fees and cost in this matter. See Colo. Rev. Stat. Ann. § 13-80-119 (West 2003).

4. UNDISPUTED FACTS THE FOLLOWING FACTS ARE UNDISPUTED:

5. COMPUTATION OF DAMAGE

Plaintiff is still treating for brain injury and has not determine full damages.

Defendants: Defendants objects to Plaintiff's proposed language above as it does not comply with Fed. R. Civ. P. 26(a)(1)(A)(iii) which requires a computation of all categories of damages sought and the basis and theory for calculating damages. Defendants are not currently seeking damages in this matter. However,

Defendants reserve the right to request any costs and fees that they may be entitled to under the law.

6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

July 22, 2024, at 3.00 p.m.

b. Names of each participant and party he/she represented.

**Harry M. Daniels, Jr and** Tyler A. Jolly for the Plaintiff;

Brian Stewart for the Defendant

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**All party's disclosures will be made 14 days after final schedule order.**

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**None**

e. Statement concerning any agreements to conduct informal discovery:

**N/A**

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

  **N/A**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**Parties believe that discovery will involve information or records maintained in electronic form. Parties agree to preserve all information or records maintained in electronic form.**

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

  **Parties have not agreed to mediate at this point**

## 7. CONSENT

Parties do not consent to have magistrate judges in the District of Colorado to preside over the case.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**The parties do not propose exceeding the presumptive number of depositions and interrogatories.**

    b. Limitations which any party proposes on the length of depositions.

**A deposition is limited to 1 day of 7 hours per deponent.**

    c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Parties agree 25 requests for production and 25 requests for admission per side.**

    d. Deadline for Interrogatories, Requests for Production of Documents and/or Admissions:

**All interrogatories, Requests for Production of Documents, and/or Requests for Admisssion must be served no later than: 45 days prior to the discovery cut-off.**

9. CASE PLAN AND SCHEDULE

    a. Deadline to join parties.

**September 30, 2024**

    b. Discovery Cut-off.

**Eight Months after Final Scheduling Order**

    **c.** Dispositive Motion Deadline.

**30 days after the close of discovery**

    d. Expert Witness Disclosure.

        1. The parties shall identify anticipated fields of expert testimony, if any.

        **Defendants:** Defendants anticipate retaining experts to offer opinions related to police officer training, use of force, and the use of tasers.

Defendants may also call an engineer or other expert to offer evidence about the location of the incident. Defendants also anticipate retaining medical experts to offer an opinion on Plaintiff's injuries and care. Finally, Defendants may call an expert to opine on the costs of Plaintiffs future medical care. Defendants reserve the right to endorse experts in other areas if needed and to call any expert endorsed by Plaintiff.

2. Limitations which the parties propose on the use or number of expert witnesses.

   **5 Experts**

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or **before March 31, 2025**. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

   1. **Defendants: 60 days before the close of discovery**.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 15, 2025**.

**1. Defendants: 30 days before the close of discovery.**

e. Identification of Persons to Be Deposed:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Plaintiff Jacob Root | TBA | TBA | 7 hours |
| Defendant Robert Comstock | TBA | TBA | 7 hours |
| Other individuals disclosed pursuant to Fed.R.Civ.P.26 | TBA | TBA | TBD |

## 10. DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]

1. Status conferences will be held in this case at the following dates and times:
2. A final pretrial conference will be held in this case on _____ at ___ o'clock _ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

**Defendants: Defendants anticipate filing a motion to stay discovery in this case, which may affect scheduling and discovery issues.**

b. Anticipated length of trial and whether trial is to the court or jury.

**Three Days**

**Defendants: Ten (10) days to a jury**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record. and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a prose party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate

notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 20_____.
BY THE COURT:

_____
United States Magistrate Judge