IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-1293-DDD

JACOB ROOT,

    Plaintiff,

v.

OFFICER ROBERT COMSTOCK, in his individual capacity,
and CITY OF COLORADO SPRINGS, a municipality,

    Defendants.

---

PLAINTIFF JACOB ROOT'S RESPONSE TO DEFENDANTS'
MOTION TO STAY

---

NOW COMES Plaintiff Jacob Root ("Mr. Root or Plaintiff") by and through undersigned counsel, responds to the Defendants' 'Motion to Stay for the reasons stated herein the Court should deny the Defendants' motion.

I. **BACKGROUND**

In his Amended Complaint, Plaintiff makes three claims for relief. Plaintiff's first claim, brought pursuant to 42 U.S.C. § 1983, is an allegation that Officer Comstock violated the Fourth Amendment of the United States Constitution by tasing the Plaintiff while the Plaintiff was in an elevated position. Plaintiff's second claim, brought pursuant to C.R.S. § 13-21-131, is an allegation that Officer Comstock violated the Colorado Constitution by tasing the Plaintiff while the Plaintiff was in an elevated position. Plaintiff's third claim alleges that the City of Colorado Springs, through the Colorado Springs Police Department and Chief of Police (the primary decision-maker and policy-maker of the CSPD), has a customs, policies, or practices of ratifying

the excessive force of their CSPD officers through failure to investigate, failure to counsel, and failure to discipline officers who use excessive force.

On July 29, 2024, Defendants filed a motion asking this Court to dismiss this case in its entirety. ECF 12. In the motion, Defendants argue that Plaintiff's Amended Complaint failed to state a plausible claim for relief against either Defendant. Id. Defendants also argued that Officer Comstock is entitled to qualified immunity against the allegations in Plaintiff's first claim. Id.

II. **LEGAL STANDARD**

Whether to stay discovery is a matter left to the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. United Steelworkers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court. String Cheese Incident, LLC v. Stylus Shows, Inc., No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing FDIC v. Renda, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery, see Wason Ranch Corp. v. Hecla Mining Co., No. 07-cv-00267-EWN-

MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues, Clarendon Nat'l Ins. Co. v. Glickauf, No. 18-CV-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

III. **ANALYSIS**

Defendants offer two reasons for staying discovery pending resolution of the Defendant Defendants' Motions to Dismiss. First, Defendants argue that the court should stay discovery because Defendant Comstock assert qualified immunity as a defense to Plaintiffs' § 1983 claims against him. Second, Defendants argue that a stay is warranted under the String Cheese factors as to all of Plaintiffs' claims. Notably, the invocation of qualified immunity does not automatically lead to a stay. See Rome v. Romero, 225 F.R.D 640, 643 (D. Colo. 2004); Sanchez v. Hartley, No. 13-CV-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). Defendant Comstock, the invocation of qualified immunity is dispositive of only one claim.

A. **Defendant Comstock's invocation of qualified immunity is NOT dispositive of the entire suit.**

Defendant Comstock assert qualified immunity as to the federal claims asserted against him in his individual capacity. He also challenge the parallel state law claims asserted against him on Rule 12(b)(6) grounds. In certain instances, courts may grant a stay of discovery based on the invocation of qualified immunity in a motion to dismiss which would act as a complete defense from suit. See Lopez v. Gonzales, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020) (granting motion to stay in part because the pending motion to dismiss asserted qualified immunity and, "if granted, could fully dispose of [the action]" and noting that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case") (citation omitted). Here, of Plaintiff's three claims against Defendant Comstock, the

invocation of qualified immunity is dispositive of only one claim. Moreover, neither the City of Colorado Springs may invoke qualified immunity, nor can Defendant Comstock invoke qualified immunity on Plaintiff's second claim, brought pursuant to C.R.S. § 13-21-131. As recognized by the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), "Colorado enacted legislation on June 19, 2020, that created a new cause of action for state constitutional rights violations by law enforcement. See Colo. Rev. Stat. § 13-21-131- Civil action for deprivation of rights. The Colorado Governmental Immunity Act (CGIA) does not apply to Colo. Rev. Stat. § 13-21-131. Nor is state qualified immunity a defense to Colo. Rev. Stat. § 13-21-131." See Sawyers v. Norton, 962 F.3d 1270, 1289 (10th Cir. 2020) (internal quotations, citations, and alterations omitted). Thus, even if the Defendant Comstock prevail on their qualified immunity defenses, this does not preclude (a) the parallel state law claims against Defendant Comstock under Colo. Rev. Stat. § 13-21-131. The Plaintiff acknowledges a stay pending the determination of qualified immunity arises from the principle that officials who may be entitled to immunity should be spared the burdens of discovery. Siegert v. Gilley, 500 U.S. 226, 231 (1991). These concerns are somewhat less pressing here, however, given that Plaintiff's state claims against Defendant Comstock; may proceed through discovery notwithstanding Defendant Comstock's successful invocation of qualified immunity. Notably, the Plaintiff invoked the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over their state law claims, [Doc. #6 at ¶ 6], and though the principles of comity are not directly on point, it would be incongruous to permit the invocation of qualified immunity for the federal claims to stay discovery on the state claims, particularly when the Colorado legislature expressly repudiated qualified immunity in enacting Colo. Rev. Stat. § 13-21-131.

B. **String Cheese factors do not justify a stay.**

The String Cheese analysis requires the moving party (in this case, Defendants) to establish that the balance of the following five interests tips in their favor: (1) Plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to this civil litigation; and (5) the public interest. As described below, the weight of these factors in the present case clearly militates that discovery proceed.

1. **Plaintiffs' interest in proceeding expeditiously militates strongly in favor of allowing discovery to proceed.**

The Plaintiff's interest in proceeding with the lawsuit was manifest. Granting the Defendants' motion to stay "could delay the proceedings for an unknown period of time until there is a ruling on [the motion to dismiss] and . . . the delay would significantly impact and prejudice [Plaintiffs'] right to pursue [their] case and vindicate [their] claim[s] expeditiously. The longer Plaintiffs must wait to obtain discovery, the more likely its value will be diluted because "the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. Lester v. Gene Express, Inc., No. 09-cv-02648-REB-KLM, 2010 U.S. Dist. LEXIS 25379, at *2-3 (D. Colo. Mar. 2, 2010); Marks v. Lynch, Civil Action No. 16-cv-02106-WYD-MEH, 2017 U.S. Dist. LEXIS 16234, at *7 (D. Colo. Feb. 6, 2017) (denying motion to stay, in part, because "staying the entire case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability."). In this respect, "delay may diminish Plaintiff[s'] ability to proceed and may impact [their] ability to obtain a speedy resolution of [their] claims. Hargroves v. City of New

York, No. 03 CV 1668 (RRM) (ALC), 2010 LEXIS 94664 (E.D.N.Y. Sep. 10, 2010), *at 12 ("[T]he [p]laintiff has the burden of proof, and as the case continues to languish, it may become more difficult for [the] [p]laintiff to locate documents and witnesses."). Moreover, Plaintiffs have an inherent "right to have [their] claims heard without undue delay." Jones v. Clinton, 72 F.3d 1354, 1363 (8th Cir. 1996); Zukowski v. Howard, Needles, Tammen, & Bergendoff, 115 F.R.D. 53, 58 (D. Colo. 1987) (acknowledging that "justice delayed is justice denied" and "suffer[ing] no illusions that time and justice are unrelated"). "[A] stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more. see Chavez v. Young Am. Ins. Co., Civil Action No. 06-cv-02419-PSF-BNB, 2007 U.S. Dist. LEXIS 15054, at *4 (D. Colo. Mar. 2, 2007); Ruampant v. Moynihan, No. 06-cv-00955-WDM-BNB, 2006 U.S. Dist. LEXIS 57304, at *3 (D. Colo. Aug. 11, 2006). This Court should fully consider the prejudice that would be inflicted upon Plaintiff if a stay is granted.

**2. Allowing discovery to proceed does not unfairly burden the Individual Defendants**

Defendant Comstock have shown no particularized facts that demonstrate he will suffer a clearly defined and serious harm associated with moving forward with discovery. "[W]here a movant seeks relief that would delay court proceedings by other litigants [it] must make a strong showing of necessity because the relief would severely affect the rights of others." Commodity Fut. Trading v. Chilcott Portfolio, 713 F.2d 1477, 1484 (10th Cir. 1983). "[A]bsent an extraordinary or unique burden imposed by the discovery at issue," courts often find that "on balance, a consideration of the first two String Cheese factors weigh against the imposition of a stay." Wells v. Dish Network, LLC, No. 11-cv-00269-CMA-KLM, 2011 U.S. Dist. LEXIS 66948, at *4 (D. Colo. June 22, 2011). Defendants have not shown any "extraordinary or unique burden" supporting departure from that norm. Id.

In their motion, Defendant Comstock do not articulate any particular burden they would bear if discovery were allowed to proceed (outside of asserting that qualified immunity entitles him to a stay). Given that Defendant Comstock fail to articulate a specific burden, at best, "[t]he first two factors cancel each other out as any burden on Defendants is countered by Plaintiff's interest in proceeding with this litigation." Bitco Gen. Ins. Corp. v. Genex Constr. LLC, Civil Action No. 16-cv-1084-WJM-NYW, 2016 U.S. Dist. LEXIS 185941, at *4 (D. Colo. Sep. 13, 2016).

**3. Convenience to the Court is served by allowing discovery to proceed.**

This District's general policy to not automatically stay discovery pending a ruling on a motion to dismiss recognizes that there are "burdens to the court and to the public in delaying, potentially for months, those cases where a motion to dismiss is filed." Sutton v. Everest Nat'l Ins. Co., No. 07-cv-00425-WYD-BNB, 2007 U.S. Dist. LEXIS 34075, at *5 (D. Colo. May 9, 2007). The weight of authority in this District holds that a stay is not an efficient use of judicial resources because of the impact it has on a court's management of its docket. Indeed, if discovery were stayed in every case where a motion to dismiss is filed or qualified immunity is raised as a defense, courts would encounter extreme difficulty in managing their dockets. See Chavez v. Young Am. Ins. Co, 2007 U.S. Dist. LEXIS 15054, at *6-7 (D. Colo. Mar. 2, 2007) (stating that general discovery deadlines set by the judge for all litigants "could not be met if cases routinely [were] stayed while motions to dismiss [were] pending"). This Court's interests in cultivating a manageable, predictable, and efficient docket weigh against further delay.

**4. The public interest and the interests of third parties are served by denying the Defendants' request for a stay.**

For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." Chavez, 2007 U.S. Dist.

LEXIS 15054, at *4-5. The relation between case disposition time and civil justice goals is straightforward. . . . . Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them. Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably. Michael Heise Justice Delayed: An Empirical Analysis of Civil Case Disposition Time, 50 Cas. W. Res. L. Rev. 813, 814 (2000). Without confidence in our justice system, those who need the courts to vindicate their rights may not seek judicial remedies, thereby never receiving the relief to which they are entitled. In addition, resounding authority holds that "the public [has] an interest in assuring that institutions... [were] operating within the bounds of the law." Morgan v. Clements, No. 12-cv- 00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935, at *12-13 (D. Colo. Mar. 12, 2013). In other words, the public has the right to know whether the Defendants are violating citizens' constitutional rights. Because Plaintiff's allegations "call into question . . . the competence and good faith" of public entities, the interests of third parties and the public in quickly discovering the veracity of Plaintiff's allegations weigh against granting a stay. See "V.S." v. Muhammad, No. 07-CV-0213 (DLI) (JO), 2008 U.S. Dist. LEXIS 96099, at *10 (E.D.N.Y. Nov. 24, 2008).

## IV.   CONCLUSION

WHEREFORE, for the above reasons, the Plaintiff respectfully request that this Honorable Court Deny the Defendants' motion to stay

Respectfully submitted this 19th day of August 2024.

**THE LAW OFFICES OF HARRY M. DANIELS, LLC**

/s/Harry M. Daniels
Harry M. Daniels

4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248

**JOLLY LAW, P.L.L.C**

/s/ Tyler A. Jolly
Tyler A. Jolly, #52361

9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-429-7359
Tyler@jollylawcolorado.com

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August 2024, the foregoing PLAINTIFF'S RESPONSE TO THE DEFENDANTS 'MOTION TO STAY was filed using the CM/ECF e-filing system, which will send notice to the following:

Brian Matthew Stewart
Colorado Springs City Attorney's Office
30 South Nevada Avenue
Suite 501
Colorado Springs, CO 80903
719-385-5909
Email: Brian.Stewart@coloradosprings.gov

/s/Harry M. Daniels
Harry M. Daniels