IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01293-DDD-MEH

JACOB ROOT,

    Plaintiff,

v.

OFFICER ROBERT COMSTOCK, in his individual capacity, and
CITY OF COLORADO SPRINGS, COLORADO,

    Defendants.

## ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge**.

Before the Court is Defendants' Motion to Stay Discovery. ECF 16. The Motion is fully briefed. ECFs 23, 26. Oral argument would not materially assist the Court in adjudicating the matter. For the following reasons, the Court **grants** the Motion. ECF 16.

## BACKGROUND

Plaintiff initiated this action on May 9, 2024. ECF 1. On May 16, 2024, he filed the operative Amended Complaint. ECF 6. The Amended Complaint brings three claims for relief: (1) excessive force under the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Defendant Officer Robert Comstock; (2) excessive force under Article II, Section 7 of the Colorado Constitution pursuant to Colo. Rev. Stat. § 13-21-131 also against Defendant Comstock; and (3) customs, policies, practices, and ratification pursuant to 42 U.S.C. § 1983 against Defendant City of Colorado Springs, Colorado. *Id.*

The Amended Complaint alleges that, on May 16, 2022, officers witnessed Plaintiff drive a suspected stolen vehicle. *Id*. at 5. When Plaintiff saw the officers after exiting the vehicle, he attempted to run away. *Id.* Plaintiff fled down an "elevated slope . . . covered in dirt and uneven rocks" with Defendant Comstock chasing him from behind. *Id.* Without giving prior warning, allegedly in violation of Colorado Springs Police Department policy, Defendant Comstock deployed his TASER which hit Plaintiff in the back. *Id*. at 1, 5–6. Plaintiff experienced "muscular incapacitation" as a result, and "fell head-first down the decline, across the sidewalk, and off the curb down into the street." *Id.* at 5–6. The fall resulted in a myriad of severe physical, mental and emotional injuries, including leaving Plaintiff a quadriplegic. *Id.* at 6. The Amended Complaint asserts that Defendant Comstock's use of force was excessive, violating both the federal and state constitution, and that the Defendant City "adheres to a policy and practice of permitting the use of excessive force generally, and specifically on fleeing persons." *Id*. at 16, 20, 23. All three of Plaintiff's claims involve the same facts, with Plaintiff's claims against the Defendant City also being bolstered by allegations of misconduct arising from other instances of use of force by officers in the Colorado Springs Police Department. *Id*. at 22–25.

On July 29, 2024, Defendants filed a Motion to Dismiss arguing for dismissal of all claims because (1) Defendant Comstock is entitled to qualified immunity, (2) an analysis of the *Graham* factors weighs against a finding of excessive force, and (3) Plaintiff did not state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). ECF 12. On August 9, 2024, Defendants filed the instant Motion to Stay Discovery, asking the Court to "stay[] discovery in this matter until the Court rules on Defendants' Motion to Dismiss." ECF 16 at 6. Plaintiff responded, and Defendants replied. ECFs 23, 26.

## **LEGAL STANDARD**

The decision to stay discovery rests within the sound discretion of the trial court. *See United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, Rule 26(c) permits the Court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts thus have broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis*, 299 U.S. at 254).

As noted above, the pending Motion to Dismiss seeks dismissal on multiple grounds, including dismissal based on qualified immunity. *See supra*. The Supreme Court has emphasized the broad protection that qualified immunity affords, "giv[ing] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998) ("When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense."). The Supreme Court has also "repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Consequently, the pending Motion to Dismiss raises the kind of legal question that courts should resolve at the earliest possible stage in litigation. *Id*.

Five factors guide a court's determination of whether to stay discovery:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013) (weighing the factors and finding a stay appropriate in that case).

## DISCUSSION

Analyzing the five *String Cheese* factors, the Court finds staying discovery as to all Parties and claims is appropriate.

**I.  Burden on Defendants, Plaintiff's Interests in Proceeding Expeditiously, and the Potential Prejudice to Plaintiff of a Delay**

Plaintiff's general preference for expeditious litigation is offset by the burden on Defendants should qualified immunity and the Motion to Dismiss be granted. There is a strong presumption in favor of staying litigation pending resolution of a qualified immunity dispute. *See Est. of Thakuri by & through Thakuri v. City of Westminster, Colo.*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019); *see also Chambers v. Bd. of Cty. Comm'rs of Cnty. of Eagle*, No. 13-cv-00393-REB-MEH, 2013 WL 4052397, at *5 (D. Colo. Aug. 12, 2013) ("[U]ntil the threshold immunity question is resolved, discovery should not be allowed." (quoting *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)); *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *3 (D. Colo. July 17, 2020) ("The Tenth Circuit has made clear that 'qualified immunity questions should be resolved at the earliest possible stage in litigation.'" (quoting *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam))). Notably, while Defendants' qualified immunity arguments only apply to Plaintiff's claim under the U.S. Constitution against Defendant Comstock,

4

all three claims involve the same set of facts and thus would involve a significant overlap of discovery efforts. Moreover, Defendants' Motion to Dismiss asks the Court to completely resolve the case.

Further, if discovery were to proceed, it would be costly to the Parties. The Amended Complaint alleges that "thirteen law enforcement officers across three agencies . . . were working together as part of the "BATTLE" (Beat Auto Theft Through Law Enforcement) take force" at the scene when Plaintiff was injured. ECF 6 at 3. The Amended Complaint also signals that Plaintiff intends to use evidence of multiple other instances of force committed by employees of the Colorado Springs Police Department over a long period of time to support his claim against it. *Id*. at 22–25. The consultation with, and likely depositions of, these numerous law enforcement agencies, officers, and witnesses will be burdensome. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) ("[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." (quoting *Mitchell*, 472 U.S. at 526)).

The Court also finds minimal prejudice to Plaintiff. Defendants moved to stay discovery on all claims less than three months after Plaintiff filed the Amended Complaint and within two weeks of filing their Motion to Dismiss all claims against them. *Compare* ECF 16, *with* ECF 6 *and* ECF 12. Discovery under the Amended Complaint also remains in the early stages, as the Court only entered a Scheduling Order in this matter one month ago. ECF 15.

II. **Convenience to the Court**

As discussed above, the Motion to Dismiss could result in dismissal of the Amended Complaint in its entirety. *See supra*. As Defendants argue, staying discovery "minimizes the use of judicial resources until the Court has ruled on Defendant's [sic] motion." ECF 16 at 5. If Defendant Comstock is immune from Plaintiff's claim against him, and if the rest of the Amended

5

Complaint fails to meet the Rule 12(b)(6) standard, resolution of those issues at this early stage potentially could spare the Parties—including Plaintiff—unnecessary litigation burden and conserve judicial resources. *See Est. of Thakuri by & through Thakuri*, 2019 WL 6828306, at *3; *see also Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001)). Thus, the interest of judicial economy and convenience to the Court would be advanced by temporarily staying discovery and other litigation activities until the Court rules on the pending Motion to Dismiss. *See Est. of Thakuri by & through Thakuri*, 2019 WL 6828306, at *3; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("[The court has considerable discretion over the timing of discovery.").

### III.     Interests of Persons Not Parties to the Civil Litigation

As discussed above, there was a large taskforce involved in the incident which resulted in Plaintiff's injury, and Plaintiff has introduced evidence of various other instances of alleged misconduct by Colorado Springs police officers to make out his claim against the Defendant City. *See supra.* All of these nonparties involved in these altercations could be subjected to discovery regarding Plaintiff's allegations. Thus, this fourth factor also supports imposing a stay. *See Adamson v. Volkswagen Grp. of Am.*, Inc., No. 22-cv-00740-CMA-MDB, 2022 WL 4767573, at *4 (D. Colo. Oct. 3, 2022) ("The fourth factor also supports the imposition of a stay, given that the parties' briefing identifies at least two anticipated third-party deponents."); *see also Hay v. Fam. Tree, Inc.*, No. 16-cv-03143-CMA-KLM, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding "the fourth *String Cheese Incident* factor weighs in favor of staying discovery" where the dispute "will involve significant efforts concerning others who are not party to this lawsuit.").

6

### IV. Public Interest

While the public shares in Plaintiff's general interest in the expeditious resolution of this lawsuit, the public also has an interest in conserving resources and maintaining efficient government functioning. *See Est. of Thakuri by & through Thakuri*, 2019 WL 6828306 at *3. Indeed, "there is no question that the general public's primary interest in this case is an efficient and just resolution." *Devillaz v. Atmosphere Gastropub, Inc.*, No. 22-cv-00126-WJM-MDB, 2022 WL 17225815, at *4 (D. Colo. Nov. 25, 2022); *see also Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020) ("Avoiding wasteful efforts by the court and the litigants serves that purpose.").

### **CONCLUSION**

On balance, the *String Cheese* factors warrant postponing discovery of all claims until the Court resolves the pending Motion to Dismiss. For good cause shown, the Court hereby **grants** Defendants' Motion to Stay. ECF 16. The Court **stays discovery** on all claims until the final ruling on Defendants' Motion to Dismiss [ECF 12].

If a final ruling on Defendants' Motion to Dismiss does not entirely dispose of this case, within **five business days** of that ruling, the Parties shall jointly file a proposed briefing schedule and request to lift the stay in this case.

Dated at Denver, Colorado, this 9th day of September, 2024.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge